The Attorney General is in receipt of your request for an official opinion wherein you ask, in effect, the following questions: 1. Do the Oklahoma State Regents for Higher Education have the sole authority to close a college or university now in existence in the State of Oklahoma? 2. Do the Oklahoma State Regents for Higher Education have the authority to establish a branch campus for a college or university? The Oklahoma State Regents for Higher Education are the coordinating board of control for the entire state system of higher education. Article XIIIA, Section 1 — Article XIIIA, Section 4 Okla. Const. The State Regents are given the constitutional authority to prescribe standards of higher education, l determine the functions and courses of study at state institutions of higher education, grant degrees, recommend budget allocations and recommend proposed fees. Article XIIIA, Section 2 Okla. Const. Additional powers and duties are conferred upon the State Regents by statute. 70 O.S. 3206 [70-3206] (1971). Neither the Oklahoma Constitution nor the implementing legislation confers upon the State Regents the power to close or otherwise terminate the operations of a state institution of higher education. All state institutions of higher education are the creations of the Constitution or some act of the Legislature. Even the, junior colleges of the State, which were originally constituted as community junior colleges, are the product of authorizing legislation. See 70 O.S. 4201 [70-4201] — 70 O.S. 4204 [70-4204] (1971) and 70 O.S. 4401 [70-4401], et seq., as amended. While the State Regents have extensive powers to regulate, determine functions and allocate funds according to needs of state institutions of higher education, there is no authority for the State Regents to close or otherwise terminate entirely the operations of a state-operated institution of higher education. To our knowledge, the State Regents have never attempted to exercise such a power nor have they ever asserted its existence. Although the State Regents may not have the unilateral power to close or terminate operations of a state institution of higher education, there can be no question of their constitutional authority to recommend such action to the Legislature, at least as to all state institutions of higher education created by the Legislature. Nor can the authority of the State Regents to modify or entirely change the function of a state institution of higher education be questioned so long as the Regents adhere to procedural requirements established by law as a prerequisite to making such a decision. 70 O.S. 3208 [70-3208] (1971). As to your second question, the 36th Legislature, Second Regular Session, Enacted House Joint Resolution No. 1053, Laws 1978, p. 911, which in general terms restricted the State Regents from authorizing or creating any expansion of the state system of higher education without prior express legislative approval. House Joint Resolution No. 1053 was interpreted in Attorney General's Opinion No. 79-031, wherein we said that the establishment of a branch campus of Langston University in the City of Tulsa could not be accomplished without prior legislative approval as mandated by HJR 1053. The next regular session of the Legislature gave its approval to the Tulsa branch campus of Langston. Laws 1979, c. 281, 19. House Joint Resolution No. 1053 prohibits extensions of the state system of higher education without prior legislative approval. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The Oklahoma State Regents of Higher Education have no authority to close or otherwise terminate the operations of a state institution of higher education, unless directed to do so by law enacted by the Legislature. 2. The Oklahoma State Regents of Higher Education have no authority to establish a branch campus of an existing state institution of higher education without prior legislative approval. (John F. Percival) ** See: Opinion No. 94-503 (1994) (Unpublished) **